UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARTHUR D'AMARIO, III | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) Civil No. 1:09-cv-106-DBH |
| | ) |
| HENRY S. KINCH, JR., | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION
DENYING <u>IN FORMA PAUPERIS</u> APPLICATION
and
RECOMMENDING DISMISSAL OF THE CASE**

Arthur D'Amario, an inmate at a federal prison facility, filed a civil rights complaint against Henry S. Kinch, Jr., in his official capacity as the clerk of the Superior Court in the State of Rhode Island and Providence Plantations, Providence/Bristol County. The complaint was filed on or about March 6, 2009, and the conduct complained of occurred on or about February 17, 2009. On that date Kinch sent D'Amario notification that a March 7, 1996, order signed by Richard J. Israel, Justice of the Superior Court, imposing Rule 11 sanctions against D'Amario and barring him from filing any pleading or paper in any state court proceeding until he paid a civil fine in the sum of $500.00 to the General Treasurer of the State of Rhode Island. Apparently that order remains in full force and effect. Pursuant to that order, Kinch returned documents to D'Amario and notified him that the documents he had submitted remained un-docketed in the Rhode Island courts. D'Amario's complaint recites the history underlying the imposition of the 1996 Sanctions Order and directly attacks the validity of that order. Kinch appears to have nothing more to do with this conduct than to have been the clerk who signed the

notification returning D'Amario's most recent Rhode Island pleadings to him.

      Section 1915(g) of title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). D'Amario has three strikes. See In re D'Amario, Civ. No. 1:07-CV-00324, 2008 WL 2471822, * 1 (D.N.H. June 13, 2008) (Woodcock, J.) (providing a full discussion of D'Amario's litigation history and concluding that D'Amario has three strikes under 28 U.S.C. § 1915(g)). Thus his application to proceed in forma pauperis must be denied and D'Amario must pay the filing fee if he wishes to proceed.

      D'Amario submitted an application to proceed in forma pauperis, in any event. In Paragraph 2 of his Verified Complaint, D'Amario asserts, in conclusory language, that he "is facing a serious threat of imminent physical harm if relief is not forthcoming." (Verified Compl. ¶ 2, Doc. No. 1.) In a separate case, also subject to my initial screening, D'Amario did file a declaration supporting his in forma pauperis application which I construed as an attempt to demonstrate why the filing fee requirements were not applicable to his situation because of what he perceives as imminent threats. See D'Amario v. Collins, Civ. No. 08- 490 (Decl. Supporting Pl's IFP Application, Doc. 2-3.) According to D'Amario, he has appellate cases pending in the Third Circuit "that are likely to yield [his] sudden release sometime in 2009" and the defendants in that case "are laying in wait for" him. (Id.¶ 5). That declaration alleges, in the most conclusory fashion, that the Collins defendants are involved in a wide ranging conspiracy

involving United States Marshals and a District Judge from the Eastern District of Pennsylvania, all of whom are acting to cause D'Amario physical and mental harm.[1]  D'Amario has not attempted to make an "imminent harm" showing in this case as to Kinch personally, but he does note in the aforementioned second paragraph of the verified complaint that the defendant's agents intend to abduct and physically harm him to prevent him from appearing in state courts where he intends to expose judicial fraud and corruption.  Since D'Amario has said he is suing Kinch in his official capacity only, I take the reference to mean that undisclosed agents of the Rhode Island court system are alleged to be plotting his abduction.   This allegation does not pertain to Kinch or the legal theory of this complaint concerning Kinch's treatment of D'Amario's filings under the 1996 order and, thus, it does not trigger the § 1915(g) imminent harm exception vis-à-vis this application to proceed in forma pauperis.

D'Amario's motion to proceed in forma pauperis in this matter contains an interesting variation from his earlier motions in the two prior cases I have screened today.  According to D'Amario, it is incumbent upon this Court to grant his motion for the following reason:

> Plaintiff was granted leave to proceed on appeal in forma pauperis by this court on sept. 16, 2008, by Judge Young, in D'Amario v. Levi, C.A. No. 1:07-cv-00316 (D.R.I.), based upon identical facts, and is proceeding pro se and in-forma-pauperis in two pending Third Circuit criminal appeals, U.S. v. D'Amario, Nos. 8-4735 & 8-4898 (3d Cir.).

---

1    With regards to that case and D'Amario's imminent harm assertion, I explained that in order for there to be an "imminent danger" the threat must be "real and proximate."  Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)(quoting Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)); see also Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998) (observing that nothing prevents "a district court from discrediting factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible') (quoting  Denton v. Hernandez, 504 U.S. 25, 33 (1992)).  Allegations of past harm do not suffice.  See Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003).  The First Circuit does not seem to have visited this issue in any reported or unreported cases, but my conclusion is that "imminent danger" means just that and the Seventh Circuit applies the appropriate test.  I concluded that  D'Amario is well wide of the mark.  So, even if this pleading somehow pertained to this case, he would not be entitled to proceed without pre-payment of the filing fee.

(Motion for Leave at 1, Doc. No. 2).  I do have a couple of observations regarding this allegation. First, it seems unlikely D'Amario was granted in forma pauperis status on *identical* facts on September 16, 2008, because the conduct involving Kinch's return of pleadings did not occur until February 17, 2009, according to the documents D'Amario submitted.  I would surmise that whatever litigation D'Amario has pending on appeal may relate to the underlying facts concerning the "Nature of Claim" as set forth in paragraphs six through twenty-one of his verified complaint and which have nothing to do with Kinch's involvement in the matter.   The fact that D'Amario has already filed an appeal concerning these facts simply underscores the utter frivolousness of this case being brought against Kinch at this time.

D'Amario may pay the $350.00 filing fee should he choose to do so.  If he were to do so the complaint might still be subject to dismissal for a host of reasons, including, but not limited to failure to state a claim.  D'Amario has been warned about frivolous filings in the past, but I am making no recommendation on that score at this juncture.  See also D'Amario v. United States, 251 F.R.D. 63, 64 (D. Me. 2008) (Hornby, J.) ("[I]n light of the continuing frivolous filings, I place Arthur D'Amario, III on **notice** that filing restrictions 'may be in the offing.' Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir.1993). This represents the 'cautionary order'  of which Cok speaks. Groundless and inappropriate filings will not be tolerated.")

Based upon the foregoing, I recommend the court deny D'Amario's in forma pauperis application.  I would allow D'Amario until August 7, 2009, to pay the filing fee in its entirety, failing which I recommend the court dismiss the case.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 22, 2009                                       /s/ Margaret J. Kravchuk
                                                            U.S. Magistrate Judge